PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

| United States District Court | District **Massachusetts** | |
|---|---|---|
| Name Angel Rivera *AKA Angel Rivera* *Rivera Martinez* | Prisoner No. 38506 | Case No. |
| Place of Confinement *Plymouth County Correctional facility* *26 Long Pond Rd* *Plymouth, MA 02360* | | |

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Angel Rivera          V. | John Ashcroft |

The Attorney General of the State of: **the United States**

## PETITION

1. Name and location of court which entered the judgment of conviction under attack _____ **Essex County**

**Superior Court, Salem, MA 01970**

2. Date of judgment of conviction ____ **June 6, 1997**

3. Length of sentence ____ **8 years to 8 years and a day**

4. Nature of offense involved (all counts) ____ **Rape & Abuse of a child under 16, five**

**counts, Indecent assault & battery on child under 14, two counts,**

**one not guilty for Rape & Abuse of a child under 16.**

5. What was your plea? (Check one)
   (a) Not guilty      ☒
   (b) Guilty      ☐
   (c) Nolo contendere      ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury      ☒
   (b) Judge only      ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court ___Massachusetts Appeals Court___

(b) Result___Conviction affirmed___

(c) Date of result and citation, if known ___August 20, 2001, 52 Mass.App.Ct. 321 (2001)___

(d) Grounds raised ___Prosecutor's summation, exclusion of evidence, including medical records, and prior knowledge of victim's mother.___

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court ___Massachusetts Supreme Judicial Court___

(2) Result ___Further Appellate Review denied,___

(3) Date of result and citation, if known ___435 Mass. 1108 (2002)___

(4) Grounds raised ___Same as Appeals Court___

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court ___

(2) Result ___

(3) Date of result and citation, if known ___

(4) Grounds raised ___

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court ___Essex County Superior Court___

(2) Nature of proceeding ___Rule 30 appeal___

(3) Grounds raised ___Ineffective Assistance of counsel, Fresh Complaint Prosecutorial misconduct, and Judicial bias and prejudice___

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result ___Appeal denied_____

(6) Date of result ___March 27, 2003_____

(b) As to any second petition, application or motion give the same information:

(1) Name of court ___Massachusetts Appeals Court___

(2) Nature of proceeding ___Rule 30 appeal_____

(3) Grounds raised ___Same as lower court_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result ___Appeal denied_____

(6) Date of result ___June 24, 2004, 810 N.E.2d 1288, 61 Mass.App.Ct. 1113___

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.    Yes ☒  No ☐
(2) Second petition, etc.   Yes ☒  No ☐ Sept. 10, 2004, ALOFAR denied 442 Mass. 1107-1109, 815 N.E.2d 1084.

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: _____ Ineffective assistance of counsel _____

Supporting FACTS (state *briefly* without citing cases or law) _____ Angel Rivera explained to his attorney that he intended to testify and deny the charges, defense counsel refused to allow him to testify and explain the the truth that he was innocent in this trial where there was no other evidence, and it was the complainant against the defendant.

B. Ground two: Fresh complaint

Supporting FACTS (state *briefly* without citing cases or law): It was error for the trial court to allow fresh complaint four months later, where the complainant herself testifed that there was no threat nor use of force in this matter, and no fear nor intimidation alleged.

AO 241 (Rev. 5/85)

C. Ground three: __Prosecutorial misconduct__

Supporting FACTS (state *briefly* without citing cases or law): __The prosecutor introduced__
a motion in limine to restrict cross examination of the complainant
where the defense intended to impeach the complainant with prior
inconsistent statements and admissions of prior false accusations
of alleged crimes of similar magnitude.

D. Ground four __Judicial bias and prejudice__

Supporting FACTS (state *briefly* without citing cases or law): __The presiding justice dis-__
played bias and prejudice wherein his rulings were that he refused
to consider the appeal that alleged the inability of cross ex-
amination of the complainant  about similar prior false accusations
that the complainant had admitted previously were false pertaining
to similar sexual impropriety.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing __Jill Sellers, Salem, Massachusetts -- court appointed__

(b) At arraignment and plea __Same as (a) above__

AO 241 (Rev. 5/85)

(c)  At trial _____ Same as (a) above _____

_____

(d)  At sentencing _____ Same as (a) above _____

_____

(e)  On appeal _____ Allison Beauparlant, Esq., CPCS assigned; _____

also, Peter M. Onek, Esq., CPCS, 470 Atlantic Ave, Suite 700

Boston, MA 02210

(f)  In any post-conviction proceeding _____ pro se _____

_____

(g)  On appeal from any adverse ruling in a post-conviction proceeding _____ pro se _____

_____

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒  No ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a)  If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b)  Give date and length of the above sentence: _____

_____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
                                                    Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_12/10/04_____
            (date)

_Angel Rivera_____
                                                    Signature of Petitioner

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

ANGEL RIVERA,  )
   Petitioner,  )
        )
     v.  )
        )
JOHN ASHCROFT,  )
   Attorney General,  )
   Defendant.  )

---

## NOTICE OF STATUS

NOW COMES Angel Rivera in the above captioned matter and submits that his status is such that he complies with the status requirement on the following grounds:

Pursuant to Federal Habeas Corpus Practice and Procedure, Fourth Edition, 2001, Volume 1, page 360 et seq., it is held that:

> "As the law now stands, any person[7] who, as a result of action by a state or federal criminal court, is 'subject to restraints'"not shared by the public generally"' -- any person who cannot come and go as she pleases -- meets the 'status' jurisdictional requirement in habeas corpus statute.[8]"
> Footnotes omitted.

And further, in defining this tenet, the law is clear in that again quoting the above publication:

> "d Custodial status . . . a person is in custody . . . as long as she was subject to at least one of the following kinds of restraint . . . (12) Detainer arising from conviction or sentence being challenged even though the petitioner is not actually incarcerated under the challenged conviction or

-2-

sentence[48] . . . (18) Restraint pur-
suant to a removal (exclusion or de-
portation) order[54] . . ."

In the present matter, Angel Rivera submits that
he is challenging and appealing his conviction from
the Massachusetts court that is the direct result
of his being detained presently for deportation, and
he submits that he is in custody on the basis of the
above holding, and therefore satisfies the requirement
of custody in the statute dealing with habeas corpus.

WHEREFORE, Angel Rivera notifies this court that
he satisfies the custody requiremnt of Title 28, habeas
corpsu, and moves this court to hear his habeas corpus
appeal.

Dated:

Angel Rivera, pro se

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No.

| | |
|---|---|
| ANGEL RIVERA, <br>    Petitioner, <br>   <br>      v. <br>   <br> JOHN ASHCROFT, <br>    Attorney General, <br>    Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM OF LAW AND
POINTS OF AUTHORITY IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS

NOW COMES Angel Rivera in the above captioned and numbered matter and submits this memorandum of law and points of authority in support of his petition for writ of habeas corpus.

All issues contained herein have been presented to the state court either by way of direct appeal or by application for Rule 30 pursuant to the Rules of Criminal Procedure of the Commonwealth of Massachu-setts.

All issues raised herein have been exhausted in the state court and are ripe for review by this petition for writ of habeas corpus.

The status of custody, for the purpose of the instant filing of this petition for writ of habeas corpus is appended as a separate document.

-2-

## STATEMENT OF THE ISSUES

1. Whether it was ineffective assistance of counsel for trial defense counsel to refuse to allow Angel Rivera to testify and deny the allegations at trial as contained in the indictments, and especially where the evidence consisted of the accuser making claims against the defendant that were uncorroborated.

2. Whether it was error to allow "fresh complaint" status four months after the alleged incidents had ceased and where there was no allegation by the complainant of threats, violence, fear nor intimidation.

3. Whether the prosecuting attorney was guilty of prosecutorial misconduct wherein he introduced a motion in limine, to curtail cross-examination of the complaining witness as it pertained to a prior false accusation of sexual assault, similar to the charge being tried.

4. Whether the presiding judge was biassed and prejudiced in his rulings and holdings which were contrary to established law, as well as Angel Rivera's constitutional rights, wherein he declined to allow defense counsel to cross-examine the alleged victim, i.e., the complaining witness, about prior false allegations of sexual assault, similiar to the charge being tried.

-3-

The petitioner, Angel Rivera, brings this petition for writ of habeas corpus after exhaustion and the completion of his direct appeal, and his Rule 30 as mentioned <u>supra</u>.

This case involves allegations of sexual assault that were uncorroborated and stood alone from the complaining witness. Angel Rivera advised his defense counsel that he wished to testify, to deny the allegations, and defense counsel denied him that right. During the pre-trial segment, the prosecution introduced a motion in limine asking the court to limit cross-examination of the complaining witness and to outright deny introduction of the complaining witnesses prior false statements of a similar nature. The motion in limine did not address the issue of prior false statements or the telling of lies by the complaing witness, <u>i.e.</u>, the alleged victim. Having granted the prosecution's motion in limine, the presiding judge continued to make reversible errors and deny defense counsel the right to cross-examine the witness on the matter of prior false accusations of sexual assault. In addition to all of the foregoing, the matter was compounded when the presiding judge determined that he would allow "fresh complaint" status to these allegations. All of the foregoing errors have denied Angel Rivera a fair trial, and justice has not been done.

-4-

STATEMENT OF THE FACTS

Notwithstanding the direct appeal and the Rule
30 filing, Angel Rivera submits that the state courts
have failed to correct the errors and justice has
not been done.

The issues raised establish that Angel Rivera's
United States Constitutional rights have been abrogated
in the instant matter.

Ineffective assistance of counsel, pursuant to
the SJC holding, is properly raised for the first time
on Rule 30 application.

The matter of the prosecutor falsely quoting
out of context in his motion in limine to preclude
defense counsel from introducing  the complainant's
previous false charge of sexual assault against some-
one else as detailed in his motion and contained in
the appendix to this pleading is self evident.

The matter of the presiding judge holding that
the stale allegation constituted "fresh complaint"
notwithstanding that the record is contrary  is a
violation of Due Process, especially where there is
no allegation nor even a scintilla of evidence of
threat, violence, fear nor intimidation.

The matter of the presiding judge showing bias
and prejudice in his holding, and most importantly

-5-

allowing the prosecution's motion in limine to restrict

the cross-examination of the complaining witness of

any prior false accusations of sexual assault, and

to disallow defense counsel to cross-examine the com-

plainant as to that false allegation constitutes a

violation of Angel Rivera's Constitutional rights

and was reversible error.

<u>ARGUMENT</u>

I. INEFFECTIVE ASSISTANCE OF COUNSEL

   Defense counsel erred and committed reversible
error when she refused to all Angel Rivera to take
the witness stand and deny and refute the charges
against him.

   At trial, Angel Rivera explained to defense counsel

that he wished to take the witness stand, testify,

refute, explain and deny the allegations against him.

Defense counsel repeatedly declined to allow Angel

Rivera to testify. While that, in and of itself, may

not rise to a constitutional level, in the instant

case, not only did it rise to a constitutional level,

but it was an incorrect tactical decision of defense

counsel, and so infected the entire trial, that Angel

Rivera's failure to take the witness stand and deny

the allegations was devastating to establishing his

innocence.

   The state court has made a finding of fact that

-6-

the complainant, Angel Rivera's stepdaughter, gave
testimony that was uncorroborated. With the uncorroborated
testimony, it was critical that Angel Rivera testify
and deny the allegations. This silense, in the instant
case, constituted error of judgement. Defense counsel
actions are contrary to established law in the common-
wealth, as contained in Commonwealth v. Little, 376
Mass 233 (1978), wherein the Supreme Judicial Court
held that defense counsel's tactical decision cannot
be faulted in disallowing Little to testify because
surely the prosecution would have brought out Little's
extensive criminal history. In the instant matter,
Angel Rivera has no prior criminal record, and in
fact was an upstanding member of the community working
to support his family and his record was impeccable.
In the instant matter, under these circumstances and
in this case, defense counsel's performance fell below
that which one might expect of a normally fallible
attorney. Angel Rivera  also relies upon and incorporates
herein the principle as set forth in Commonwealth
v. Saferian, 366 Mass 96 (1978) and Strickland v.
Washington, 104 S.Ct. 2058 (1984).

II FRESH COMPLAINT

    It was reversible error for the presiding judge
to allow "fresh complaint" status after a four month
hiatus after the complaining witness had moved away
from the defendant where there was no allegation of
threat, fear, nor intimidation.

-7-

During the trial, the presiding judge held that he was satisfied that this time period constituted that the alleged victim was still "living under the roof of the person who is responsible to the actions -- or alleged to be responsible for the actions -- does retain its freshness." This clearly indicates that the trial judge was basing his determination on the condition of whether the alleged victim was still under the control or still vulnerable to the accused. This is in keeping with the holdings of Massachusetts v. Nurse, 50 Mass.App.Ct. 36 (2000) and most recently, Commonwealth v. Smith, Lawyers Weekly No. 11-262-03. It would appear that this rationale is predicated on the fact that a child still under the care and control of one she would accuse, is not free to make the accusation because of threat, fear or intimidation. In the instant case, the prosecution asked the alleged victim when the abuse stopped, and she merely replied in 1995, and when asked why, she stated, because she said she wanted it to stop. This is not the testimony of a child who is in fear, or has been threatened or intimidated, and it's not consistent with the Supreme Judicial Court's holding on the issue, to extend time to complain because of fear, threat, or intimidation of the accused by the alleged perpetrator. In the instant case, it just

-8-

isn't there. There is no testimony from the complainant
of any fear, threat, nor intimidation.

When this case is justaposed with Commonwealth
v. Howell, 57 Mass.App.Ct. 716 (2003), the similarity
becomes striking. In Howell, at 720, the Massachusetts
Appeals Court listed the reasons for reversal and
noted that data considered were factors relevant are
whether the defendant threatened the accuser and whether
the complaint was spontaneous or if there was some
indicia such as being grilled by parents over some
unrelated incident. In the instant  case, the Rivera
matter more closely resembles the Howell case. Howell
is the paradigm of the Rivera case. Likewise, this
court should grant the writ, granting relief as was done
in the Howell case, for as in the Howell matter, the
court determined that there must be flexibility to
consider the facts of each case. When this court also
considers the prosecutorial misconduct and judicial
bias, the argument for relief becomes even more compelling.

III. PROSECUTORIAL MISCONDUCT

The prosecutor was guilty of misconduct wherein
he introduced a motion in limine to curtail any cross-
examination of the accuser about prior inconsistent
statements, and indeed misquoted the law and worked
a deception on the court in so doing.

Defense counsel had been supplied with discovery
material, and attempted to use that material at trial,

-9-

and during the course of Angel Rivera's stepdaughter's
testimony, she repeatedly made inconsistent statements
and answered questions, on at least one occasion,
with a yes, or a no, and an I don't know. When defense
counsel, at least once attempted to show that the
witness was not telling the truth, the prosecution
objected and the judge upheld the objection. The
trial judge repeatedly protected the alleged victim
from being exposed as not telling the truth, and did
so at the prompting of the prosecution. Subornation
of perjury is a felony under Massachusetts law, and
for the prosecutor to suborn perjury, and then object
to the truth being shown the jury is unreasonable.
The commission of that felony, subornation of perjury
against Angel Rivera clearly violated his constitutional
rights, and denied him a fair trial. Most recently,
in Ellsworth v. Warden, 333 F.3d 1 (1st Cir. 2003),
the federal appeals court made numerous rulings and
remanded the case back to the lower court for further
proceedings. In the course of the First Circuit so
holding, it was noted inter alia, that the confrontation
clause of the Constitution of the United States as
defined by the United States Supreme Court in Davis
v. Alaska, 415 U.S. 308 (1974) allows one to probe
the strength of one's case, and specifically stated:

-10-

> "Cross examination is the principle
> means by which the believability of a
> witness and the truth of his testimony
> are tested."

In the instant matter, the prosecutor knew his witness

would not tell the truth and filed his motion in limine

to protect her from being exposed.

Of even greater importance and concern is the

holding of the First Circuit in yet another case dealing

with false testimony. A fortiori, see Bui v. DiPaulo,

170 F.3d 232, at 241-42 (1st Cir. 1999):

> "The confrontation clause right to
> cross examination is 'witness specific'
> so that a criminal defendant's entitle-
> ment to cross examine a witness in-
> creases in sensitivity in direct pro-
> portion to the witnesses's importance
> to the prosecution's case."

In the instant prosecution, the prosecution's case

was based solely on the alleged victim; without her

testimony, there was no case. Thus, having recognized

the weakness of his case, the prosecutor moved to

prevent the introduction of prior acts of the exact

same character, that the alleged victim had made prior

accusations of sexual abuse and assault against others

and then admitted that she had lied for ulterior motives.

The prosecutor then submitted his motion in limine

and argued that the alleged incident he wished to

have excluded was one that occurred at the Frost School

when the alleged victim has seven or eight years old,

-11-

and one that accused her mother of mistreatment. The
prosecutor then went on to explain that this type
of allegation does not rise to the level of a rape
and should be excluded, and relied upon Commonwealth
v. Andrews, 403 Mass. 441 (1988) to support that con-
tention. Two factors mitigate against his use of the
Andrews case. First, the prior bad act that the defense
wished to introduce was that of an allegation of sexual
assault, and second, Andrews does not stand for the
principle that the former false allegation may not
be used, on the contrary, in Andrews, the court held
that the defense had not laid a proper foundation.
In the instant matter, proper foundation had been
laid, indeed, the defense attorney informed the court
that she wished to cross examine on the Frost School
incident in 1988 wherein the alleged victim had made
allegations of sexual assault and then admitted she
lied, that is a paradox, for the prosecutor to try
to say the two are the same, when in fact, they couldn't
be more different.

The prosecuting attorney in this matter, counsel
for the sovereign has abdicated his authority and
abnegated his duty. He swore to uphold the constitution
when he took his oath of office, that duty required
him to represent all the citizens of the Commonwealth,
he has now failed to defend Citizen Angel Rivera,

-12-

and seek the truth. His actions violate the law, G.L.
c. 268 § 2 subornation of perjury, they also violate
the Rules of Professional Conduct Concerning the
Practice of Law, specifically Rule 3.8 Special Respon-
sibilities of a Prosecutor. And, finally, all of the
foregoing failures of the prosecutor have violated
the constitutions of the United States and Massachu-
setts, and caused Angel Rivera a miscarriage of justice
in the instant matter.

IV. JUDICIAL BIAS AND PREJUDICE

   The Presiding Judge displayed bias and prejudice
in refusing to consider the Rule 30 appeal as well
as his failures at trial by ruling contrary to estab-
lished law that defense counsel could not cross
examine the accusing witness on the matter of similar
prior false accusation that she had admitted were
false pertaining to a sexual assault.

   Likewise, as in the section dealing with prosecu-
torial misconduct, and in conjunction with that prose-
cutorial misconduct, the trial judge not only failed
to correct the error, he aided and abetted the wrong-
doing by repeatedly making incorrect decisions and
failing to enforce well established and longstanding
law. At the outset, G.L. 211 c § 2 deals with and
defines what constitutes judicial misconduct and how
one can establish bias and prejudice.

   In the instant matter, it must be noted that
a prosecutor that is guilty of misconduct is outrageous,
a trial that is infected with a biased and prejudicial

-13-

judge is not a trial at all, it's a mockery of justice
and strips the defendant of any semblance of fairness
and justice.

All the parties agree that the Appeals Court
of Massachusetts, as well as the trial court have
made a finding of fact that the complainant, Angel
Rivera's stepdaughter's testimony was uncorroborated.
Thus, while uncorroborated testimony is acceptable,
it is important, because it stands alone, and should
be subjected to greater scrutiny. The law is well
established, corroboration is required in some form
and this has been the law for over 5000 years. It
flows from common law, British law, and has its basis
in Daniel 13 of the Old Testament of the Bible, The
Septuagint version.

Angel Rivera, being charged with a heinous crime
could only show his innocence by showing that the
complaining witness was not telling the truth. The
trial judge ruled against Angel Rivera at every critical
juncture. When defense counsel attempted to show that
the alleged victim was not under control of the defendant,
she was overruled. When defense counsel attempted
to introduce a previous false sexual allegation complaint
against the complaining witness, she was overrulled.
And, finally when defense counsel attempted to introduce

-14-

the false prior sexual allegations, the judge ruled
that it was not allowed and severely restricted defense
counsel on what could be discussed and what questions
could be asked. With these rulings, defense counsel
was powerless to show the jury the truth. Most recently,
in Ellsworth, supra, the court held that where the
allegations were similar and demonstrably false, that
would be strong evidence of a prior false accusation
and it would be very powerful.

Errors in trial decision by a presiding judge
include denial of pursuing areas of concern such as
was the matter being dealt with in the instant matter
such as sleeping arrangements and separate bedrooms.
The holding of fresh complaint, when it was not, coupled
with the reporting officer's testimony was merely
hearsay. And, as held in Massachusetts v. Nurse, 50
Mass.App.Ct. 36 (2000) the court therein held other-
wise and contrary to the decisions and holding of
the judge in the trial court.

In the instant matter, after the alleged victim
had testified and probably to the truth, and was caught
in some of her lies, the prosecutor then helped her
and coached her to correct the lies on redirect and
make them appear truthful. When defense counsel attempted
to bring out the truth, she was badgered by the judge

-15-

and her efforts to show the truth were short circuited,
and all of this was the direct result of judicial
bias and prejudice against Angel Rivera by the trial
judge. Thus, it was impossible to obtain a fair trial,
because it was impossible to bring out the truth.
Angel Rivera relies upon United States v. Raven, 121
F.Supp2d 128 (D.Mass. 2000) in support of this argument.

CONCLUSION

In order to vindicate the constitutional rights of
Angel Rivera and to protect an innocent man wrongly
accused, and wrongly convicted, Angel Rivera respect-
fully moves this court to grant this writ of habeas
corpus and for any and other relief as may seem just
and equitable to this court.

Dated:

Angel Rivera, pro se

December 10, 2004

Angel Rivera

Clerk
United States District Court
U.S. Courthouse
1 Courthouse Way
Boston, MA 02201

Dear Clerk,

    Enclosed for filing in your court please find my
petition for writ of habeas corpus and ancillary papers.
    Thank you.

Very truly yours,

Angel Rivera

Encl: