```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

ANGEL RIVERA, aka ANGEL RIVERA   )
MARTINEZ,                        )
                                 )
          Petitioner,            )
                                 )    C.A. No. 04-12731-JLT
          v.                     )
                                 )
JOHN ASHCROFT,                   )
                                 )
          Respondent.            )

## MEMORANDUM AND ORDER

For the reasons stated below, the petition of Angel Rivera for habeas relief is dismissed.

## BACKGROUND

On December 23, 2004, Angel Rivera, also known as Angel Rivera Martinez, filed with this Court a petition under 28 U.S.C. § 2254 ("§ 2254") for a writ of habeas corpus.  Rivera is currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts.  It appears from Rivera's pleadings that he has completed an eight-year criminal sentence imposed by a Massachusetts state court for several 1997 convictions.  Rivera states that his present detention is for removal purposes, and that the basis for his removal is the 1997 convictions.  Rivera mounts several constitutional challenges to his 1997 convictions, including ineffective assistance of counsel, prosecutorial misconduct, and judicial bias.[1]

---

[1] Rivera did not pay the $5.00 fee associated with filing a petition for habeas relief, nor did he file an application to proceed without the payment of such fee.  Because I find that

ANALYSIS

I.  The Court May Screen the Petition

Under Rule 4(b) of the Rules Governing Habeas Corpus Proceedings Under Section 2254, the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).  The rules governing § 2254 habeas cases may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Habeas Corpus Proceedings Under Section 2254; Perez v. Hemingway, 157 F. Supp. 2d 790, 795  (E.D. Mich. 2001).

II. Relief Is Not Available Under 28 U.S.C. § 2254

Section 2254 provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court."  28 U.S.C.

---

Rivera is not entitled to habeas relief on grounds advanced by him, I need not address the issue of the filing fee.

§ 2254(a) (emphasis added).  Thus, "[t]he first showing a § 2254 petitioner must make" is that he is 'in custody pursuant to the judgment of a State court.'"  Lackawanna County Dist. Atty. v. Coss, 532 U.S. 394, 403-404 (2001) (quoting 28 U.S.C. § 2254). The "in custody" language of the federal habeas statutes, 28 U.S.C. §§ 2241, 2254, is jurisdictional and requires habeas petitioners to be in custody under the conviction or sentence they attack when they file the petition.  Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam); Fernos-Lopez v. Figarella Lopez,  929 F.2d 20, 23 (1st Cir. 1991).

Once a prisoner's sentence expires, he is no longer "in custody" under that conviction sufficient for the court to exercise jurisdiction to hear a habeas petition under § 2254. Lackawanna, 532 U.S. at 403-04.  Further, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody.'"  Maleng, 590 U.S. at 492.  It is well-settled that deportations proceedings are collateral, rather than direct, consequences of a criminal conviction.  See United States v. Gonzalez, 202 F.3d 20, 25 (1st Cir. 2000); Nunez Cordero v. United States, 533 F.2d 723, 726 (1st Cir. 1976); see also Kandiel v. United States, 964 F.2d 794, 796 (8th Cir. 1992) (collecting cases).[2]  Thus, a petitioner detained by the BICE as

---

[2]Deportation proceedings are collateral consequences of a conviction even if, under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208, 110

a result of a conviction whose sentence has already expired is not "in custody" for purposes of filing a § 2254 petition attacking the conviction.  Broomes v. Ashcroft, 358 F.3d 1251, 1254 (10th Cir.), cert. denied, 73 U.S.L.W. 3353 (2004); Fordjour v. Stewart, 2003 WL 22416689, at *1 (N.D. Ca. Oct. 20, 2003 (Chesney, J.); Cuevas v. New York, 2002 WL 206985, at *2 (S.D.N.Y. Feb. 11, 2002) (Sweet, J.); Neyor v. I.N.S., 155 F. Supp. 2d 124, 134 (D.N.J. 2001).

Here, Rivera's state sentence has expired, and he is "being detained presently for deportation."  Notice of Status at 2.  Rivera argues that his current detention "satisfies the requirement of custody in the statute dealing with habeas corpus" because he is "in custody on the basis of" the conviction he seeks to challenge.  Id.  Although this argument has some logic, it is clearly at odds with the above-cited law.  Because Rivera has completed the sentence for the convictions he seeks to challenge, he is not "in custody" under those convictions.  Lackawanna, 532 U.S. at 403-04.  However close the nexus between Rivera's 1997 convictions and the pending removal proceedings

---

Stat. 3009-546 ("IIRIRA"), deportation resulting from that conviction might "be expected virtually by operation of law." Gonzalez, 202 F.3d at 27; see also El-Nobani v. United States, 287 F.3d 417, 421 (6th Cir.), cert. denied, 537 U.S. 1024 (2002); United States v. Amador-Leal, 276 F.3d 511, 517 (9th Cir.), cert. denied, 535 U.S. 1070 (2002).  The premise of consequence being collateral is not that it is uncertain or unconditional, but that it is that it is beyond the control of district court.  Gonzalez at 27; El-Nobani, 287 F.3d at 421.

against him may be, Rivera's current detention is a collateral consequence of the convictions, Gonzalez, 202 F.3d at 25, and thus does not satisfy the "in custody" requirement of § 2254, Maleng, 590 U.S. at 492; Broomes, 358 F.3d at 1254. Thus, the Court does not have jurisdiction under § 2254 to examine the validity of Rivera's 1997 convictions.

III. Relief Is Not Available Under 28 U.S.C. § 2241

Similarly, the relief Rivera seeks is not available under § 2241. Rivera's sole challenge to his current detention is the alleged unconstitutionality of underlying state criminal conviction. However, a § 2241 petition may not be used to challenge an expired state court conviction. Broomes, 358 F.3d at 1255; Drakes v. INS, 330 F.3d 600, 604-06 (3rd Cir. 2003), cert. denied, 540 U.S. 1008 (2003); Contreras v. Schiltgen, 151 F.3d 906, 908 (9th Cir. 1998); Gonzalez v. United States, 337 F. Supp. 2d 419, 421-22 (E.D.N.Y. 2004); Plummer v. Ashcroft, 258 F. Supp. 2d 43, 46 (D. Conn. 2003); Reyna-Guevara v. Pasquarell, 2002 WL 1821619, at *6 (W.D. Tex. July 2, 2002); Neyor, 155 F. Supp. 2d at 138.

## CONCLUSION

ACCORDINGLY, this action is DISMISSED.

```
 5/10/05                          /s/ Joseph L. Tauro
DATE                             UNITED STATES DISTRICT JUDGE
```